UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDIGO, LLC, a Michigan limited liability
company, DOLORES MICHAELS aka
NICOLINA A. MICHAELS and
RENEE MICHAELS,

    Plaintiffs,

v.

TOWNSHIP OF RICHMOND, MICHIGAN, a
Michigan municipal corporation, GORDON
FUERSTENAU, in his official and individual
capacities, THE FOUR TOWNSHIP CITIZENS'
COALITION, INC., a Michigan nonprofit
corporation, JARED SLANEC, KRISTYN SALANEC,
JOHN GIANNONE, SARA GIANNONE, SALVATORE
GIANNONE, NANCY GIANNONE, BILLY TRAVIS,
MARLENE TRAVIS, THOMAS MACKLEY,
PAULA MACKLEY, MICHAEL SYLVESTRY,
MICHAEL LOCK, KARLA SITEK,
ROBERT GRUCZ, LESTER SOVA, DEVON SLANEC,
ANNETTE NORMAN, ANGELA M. JOBS, JOHN REY,
JUDITH REY, LINDA GERHARD, WAYNE WHITMAN,
in his individual capacity, STEVEN MAHONEY, in his
individual capacity, TERESA SEIDEL, in her individual
capacity, MATTHEW FLETCHER, in his individual
capacity, and ANNE HOKANSON, in her individual
capacity, jointly and severally,

    Defendants.

Case Number: 08-10432

DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE STEVEN D. PEPE

**ORDER GRANTING STATE DEFENDANTS' MOTION FOR
PROTECTIVE ORDER AND STAYING DISCOVERY (DKT. #68)
AND
ORDER GRANTING STATE DEFENDANTS' AND
BECKY BEAUREGARD'S MOTION TO QUASH DISCOVERY SUBPOENA AND
FOR PROTECTIVE ORDER FURTHER STAYING DISCOVERY (DKT. #69)**

On October 9, 2008, Defendants, Wayne Whitman, Stephen Mahoney, Teresa Seidel,

1

Matthew Flechter and Anne Hokanson (the "State Defendants") moved for an order staying discovery until such time as the Court renders a decision on the State Defendants' entitlement to immunity (Dkt. #68). The State Defendants also filed an October 13, 2008, motion seeking to quash a subpoena compelling Becky Beauregard's appearance for deposition and the production of documents (Dkt. #69). All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b) (Dkt. #63). On October 29, 2008, a hearing was held on these motions at which time all unresolved issues were addressed. For the reasons stated on the record and indicated below, the State Defendants' motions are **GRANTED**, and all discovery requests in this case are stayed as to these Defendants.

Plaintiffs have filed this federal civil rights law suit alleging that the State Defendants violated their constitutional rights. In turn, the State Defendants have filed, briefed and served a dispositive motion claiming that Plaintiffs' claims are barred by qualified immunity (Dkt #48). Plaintiffs are now seeking to engage in discovery proceedings before this Court has ruled on the State Defendants' dispositive motion (Dkt. #68, Ex. A, Notices of Deposition for Wayne Whitman, Steve Mahoney, Teresa Seidel, Anne Hokanson, and Matthew Flechter). The State Defendants' motion, if granted, is dispositive of the complaint. It is unreasonable to require the State Defendants to incur the burden, expense and annoyance of responding to discovery during the pendency of the motion, especially where, as here, the issue of immunity is raised.

In a suit for money damages against government officials based on their official acts, discovery should not be allowed before the threshold issue of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because qualified immunity is immunity from suit rather than a mere defense to liability, discovery should be suspended until the court has an opportunity

to decide the State Defendants' dispositive motion based upon immunity. *Washington v Stark*, 626 F. Supp. 1149, 1152 (W.D. Mich. 1986). Accordingly, the subpoena compelling Becky Beauregard's appearance for deposition and the production of documents is quashed and discovery is stayed as to the State Defendants until such time as the Court renders a decision on the State Defendants' pending dispositive motion.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

                                               S/STEVEN D. PEPE
                                               UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 5, 2008

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS SERVED ON THE ATTORNEYS AND/OR PARTIES OF RECORD BY ELECTRONIC MEANS OR U.S. MAIL ON NOVEMBER 5, 2008.

                                               S/V. SIMS
                                               CASE MANAGER